IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

JUN 03 2019

Clerk, U.S. Courts
District Of Montana
Missoula Division

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WANDA JOYCE MURRAY and
RONALD E. MOON, Individually and
as Trustee(s) of the Moon Family
Trust,

Defendants.

WANDA JOYCE MURRAY,

Counterclaim
Plaintiff,

vs.

UNITED STATES OF AMERICA,

Counter-
defendant.

CV 19–23–M–DLC

ORDER

Before the Court are the Motion to Dismiss Complaint for Cause (Doc. 4)

filed by Defendant Ronald E. Moon and the Motion to Amend Counter Claim

Damages and Supporting Affidavit (Doc. 10) filed by Defendant and

–1–

Counterclaimant Wanda Joyce Murray. For the following reasons, both will be denied.

## I. Moon's Motion to Dismiss

Rule 12(b)(6) motions test the legal sufficiency of a pleading. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Generally, courts may only consider the allegations in the complaint when ruling on a motion to dismiss. *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782–83 (9th Cir. 1996). Nonetheless, a court may dismiss a complaint if it lacks a cognizable legal theory. *Id.* at 783. Thus, in order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim has facial plausibility when a court can draw a "reasonable inference" from the facts alleged that the defendant is liable for the misconduct alleged. *Id.*

Moon asserts that the United States' "claims should be denied and Moon awarded all expenses and costs incurred in this matter." (Doc. 4 at 2.) However, Moon fails to connect the bald assertions of fact contained in his motion to an articulated legal principle which would justify dismissal of the United States' claims against him. The closest Moon gets to making a legal argument for dismissal is to assert that the statute of limitations for the United States' claims, "governed by Mont. Code ANN 22-2-207 (1) (2)," has "long passed." (*Id.* at 1–2.) However, the statute cited by Moon, Montana Code Annotated § 22–2–207(1)–(2), does not exist. And, as noted by the United States, it is not subject to "local statutes of limitations" even if the statute did exist. (Doc. 9 at 4 (citing *United States v. John Hancock Mut. Life Ins. Co.*, 364 U.S. 301, 308 (1960)).)

The United States provided the applicable federal statutes of limitations and the Court finds that this action was brought within the timelines therein established. (*Id.* at 4–5.) The United States' first claim is for trespass and was brought within three years of the reported and ongoing violations, thus complying with the applicable statute of limitations provided in 28 U.S.C. § 2415(b). The United States' second claim, seeking a declaration of the United States' rights under an easement, is subject to 28 U.S.C. § 2415(c), which states that "[n]othing herein shall be deemed to limit the time" for the United States to bring "an action

-3-

to establish the title to, or right of possession of, real or personal property." (Docs. 1 at 5–11; 9 at 6–10.) Accordingly, Moon's argument lacks merit.

The remainder of Moon's Motion fails to present argument in any way and merely provides bald assertions of fact. Although pro se litigants' pleadings are afforded liberal construction, the Court will not go so far as to supply potential arguments to a mere recitation of unsupported statements of fact. Moon's Motion will be denied.

## II. Murray's Motion to Amend Counterclaim

Murray seeks to amend her counterclaim as it relates to damages on each of her ten counterclaims. (Doc. 10 at 2–3.) Murray appears to desire the inclusion of the language "Damages to be proven at Trial" to all of her counterclaims except for the ninth, regarding which she seeks damages of $100,000. (*Id.* at 2–3.) Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave when justice so requires." The Ninth Circuit has found that under Rule 15(a), "leave to amend should be freely granted where the opposing party will not be prejudiced thereby." *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988). The United States has indicated that it "does not object to Murray amending her counterclaim" but, as currently filed, the United States cannot efficiently respond. (Doc. 11 at 2.)

This Court's Local Rule 15.1 requires that when a party moves for leave to amend a pleading, "the proposed pleading must be attached to the motion as an exhibit. If leave is granted, the party must promptly file the pleading." Further, this Court's Local Rule 83.8(a) provides that a self-represented litigant such as Murray "is bound by the federal rules and all applicable local rules." Here, Murray's Motion is not accompanied by the proposed pleading as an exhibit. This Court will not grant Murray's Motion without an attached exhibit showing the pleading with her desired amendments.[1] Accordingly,

IT IS ORDERED that Moon's Motion to Dismiss (Doc. 4) is DENIED.

IT IS FURTHER ORDERED that Murray's Motion to Amend (Doc. 10) is DENIED WITHOUT PREJUDICE.

DATED this 3rd day of June, 2019.

Dana L. Christensen, Chief Judge
United States District Court

---

[1] It is worth noting that the affidavit attached to Murray's Motion does not appear to relate to any aspect of the Motion. Accordingly, it will not be considered.

-5-